## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ROOPA J. MOHAN,** | : |
| *Plaintiff* | : |
| **v.** | : |
| | : |
| **INCEDO, INC., alias,** | : |
| *Defendant* | : |

## COMPLAINT

### I.     Introductory Statement

1. This action is brought by Plaintiff Roopa J. Mohan ("Plaintiff") against her former employer, Incedo, Inc., alias, seeking compensatory, liquidated, and punitive damages, civil penalties, counsel fees, costs and other equitable relief arising out of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. and the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-12-1, *et. seq*. and § 28-14-1, *et. seq*.

### II.     Parties

2. Plaintiff Roopa J. Mohan is a resident of the City of Cranston, County of Providence and State of Rhode Island.

3. Defendant Incedo, Inc., alias ("Defendant" or "Defendant Incedo"), is a foreign corporation duly incorporated under the laws of the State of Delaware with a principal place of business located at 170 Wood Avenue South, Iselin, New Jersey 08830. Defendant Incedo also does business in the State of Rhode Island.

4. At all relevant times, Defendant Incedo was Plaintiff's "employer" within the meaning of the FLSA and RIPWA.

### III.     Jurisdiction

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 2201 and 2202.

6. This Court also has personal jurisdiction over Defendant because Defendant did business in the District of Rhode Island, engaged in continuous and systematic activity in the District of Rhode Island and had minimum contacts with the District of Rhode Island and is deemed to reside in the District of Rhode Island.

### IV. Venue

7. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims in Plaintiff's Complaint occurred in the District of Rhode Island, and, at all times relevant to Plaintiff's Complaint, Defendant did business in the District of Rhode Island, and, therefore, had minimum contacts with the District of Rhode Island and is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. § 1391.

### V. Material Facts

8. At all relevant times, Defendant Incedo was and is a US-based digital transformation consulting, data science & analytics, and technology services & solutions firm providing services to various clients within the United States.

9. At all relevant times, Defendants Incedo conducted business in the State of Rhode Island through the provision of services to clients residing within Rhode Island and through services performed by Plaintiff on behalf of Defendant Incedo out of Plaintiff's home in Cranston, Rhode Island.

10. At all relevant times, Plaintiff was "engaged in commerce or in the production of goods for commerce" within the meaning of, *inter alia*, 29 U.S.C. §§ 203 (b), (i)-(j), 206(a), and 207(a), in her capacity as a full time Resource Manager – Talent Acquisition employed by Defendant Incedo.

11. At all relevant times, Defendant Incedo was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of, *inter alia*, 29 U.S.C. §§ 203(s).

*Plaintiff's Work for Defendant and Misclassification as a 1099 Contractor*

12. Plaintiff was employed by Incedo, Inc. as a Resource Manager – Talent Acquisition from on or about October 15, 2018 until March 31, 2020.

13. At all relevant times, Plaintiff's compensation consisted of $25.00 per hour in addition to recuring commissions, referred to as incentives, based on job placement.

14. At all relevant times and throughout her employment, Plaintiff's job duties consisted of technical software recruiting, resource management, and reporting work performed remotely out of her home in Rhode Island, all of which did not require any special training or skill.

15. At all relevant times, Plaintiff was one of Defendant Incedo's top recruiters who completed an exceptionally high number of placements within the entire organization.

16. At all relevant times and throughout her employment, Plaintiff performed her job duties using a laptop computer provided to her by the Defendant Incedo at no cost to Plaintiff and a telephone for which the Defendant Incedo paid the telephone bill.

17. At all relevant times and throughout her employment, Plaintiff reported directly to Uma Gupta, Vice President-Client Services, and Nitish Antony, Head of Recruiting and Strategic Staffing, who supervised Plaintiff's work performance and metrics via mandatory *daily* conference calls and emails and through reviews of required submissions made by Plaintiff via Defendant Incedo's application tracking system.

18. At all relevant times and throughout her employment, Plaintiff and Defendant Incedo both actively represented Plaintiff as working directly and solely for Defendant Incedo without any reference to any purported independent contractor relationship.

19. In fact, at all relevant times, Plaintiff used an email address provided by Defendant Incedo reflecting a "@incedoinc.com" domain name and an email signature reflecting her "Resource Manager" title while performing services for Defendant Incedo.

20. At all relevant times and throughout her employment, Plaintiff was never asked or allowed to exercise any independent judgment or discretion whatsoever regarding any aspect of her work or any aspect of her job and Defendants never afforded Plaintiff any independent judgment or discretion whatsoever regarding any matter of significance.

21. At all relevant times and throughout her employment, Plaintiff's daily work, including the assignments to be performed each day, was directed by Defendant Incedo and supervised by Defendant Incedo by and through Uma Gupta and Nitish Antony.

22. At all relevant times, Defendant Incedo established Plaintiff's work schedule.

23. At all relevant times and throughout her employment, Plaintiff had no control over the days and/or times that Defendant Incedo assigned her to work.

24. In fact, at all relevant times and throughout her employment, Plaintiff was directed and expected to work between the hours of 9 a.m. and 5 p.m., not including overtime.

25. At all relevant times and throughout her employment, Plaintiff was required to contact Uma Gupta and Nitish Antony if she, for any reason, was unable to start work at 9 a.m.

26. Defendant Incedo had the ability to adjust Plaintiff's work schedule without Plaintiff's approval and/or input.

27. Defendant Incedo provided Plaintiff with all the materials and tools she used to perform the work assigned to her.

28. As a Resource Manager – Talent Acquisition, Plaintiff was integral and essential to Defendant Incedo's success and profitability in that a substantial portion of its revenue is derived solely from payment for the completion of work done by resource managers.

29. Defendant had the ability to, and actually did, fire Plaintiff.

30. Accordingly, at all relevant times, Plaintiff was an employee of Defendant Incedo as defined under the FLSA and RIWPA.

31. Notwithstanding the same, throughout Plaintiff's employment, Defendant Incedo misclassified Plaintiff as an independent contractor and required that Plaintiff sign a purported independent contractor agreement.[1]

32. On information and belief, Defendant Incedo forced Plaintiff to sign a purported independent contractor agreement in an effort to shield it from liability for intentional misclassification that it knew or should have known was taking place regarding Plaintiff.

33. On information and belief, despite performing the same exact work as other resource managers working for Defendant Incedo, Plaintiff was the only resource manager classified as a 1099-Independent Contractor instead of a W-2 employee.

*Defendant's Failure to Pay Straight Time and Overtime*

34. At all relevant times, Plaintiff was a non-exempt employee entitled to payment of wages for all hours worked and for overtime wages as defined under applicable law.

35. Notwithstanding the clear employer-employee relationship between the Defendant Incedo and Plaintiff, Defendant Incedo intentionally misclassified Plaintiff as an independent

---

[1] An employer's designation of workers as employees or independent contractors is "not dispositive, or even controlling." *Benion v. LeCom, Inc.*, 336 F. Supp. 3d 829, 838 (E.D. Mich. 2018). "The reason is simple: The FLSA is designed to defeat rather than implement contractual arrangements." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 808 (6th Cir. 2015). The broad definition of "employee" under the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

contractor throughout her employment and willfully deprived her of straight time and overtime pay for all hours worked in excess of forty (40) per week.

36. From on or about January 2019 until March 31, 2020, Plaintiff worked approximately forty-five (45) hours on an almost weekly basis, which Defendant Incedo knew about, but Plaintiff was not paid for more than forty (40) total hours for any work week.

37. From on or about January 2019 until March 31, 2020, Defendant Incedo specifically instructed Plaintiff to submit timesheets reflecting no more than forty (40) hours worked per workweek and failed to compensate her for hours it knew or should have known Plaintiff worked over forty (40).

38. Accordingly, Defendant Incedo deprived Plaintiff of straight time and overtime compensation for at least 161 hours totaling **$6,038.00** in unpaid wages for the period on or about January 2019 until March 31, 2020.

### *Work Suffered or Permitted*

39. Defendant Incedo is liable for the payment of wages or overtime wages for all hours Plaintiff was "suffered or permitted to work," regardless of whether the work was requested, authorized, or needed, whenever the Defendant Incedo knew or had constructive knowledge that the work was being performed.[2]

40. Defendant Incedo knew or had reason to believe that Plaintiff was working in excess of forty (40) hours weekly on a regular basis.

41. Nevertheless, Defendant Incedo failed or refused to pay Plaintiff the compensation to which she was legally entitled for all regular and overtime hours worked.[3]

---

[2] As long as the employer knows or has reason to believe that and employee is continuing to work and the time is working time, the employee is entitled to the payment of wages from the employer. *See* 29 C.F.R. § 785.11.

[3] Once an employer knows or has reason to know that an employee is working overtime, *it cannot deny compensation even where the employee fails to claim overtime hours or the work was not requested.* Holzapfel v.

42. Even where an employer claims lack of any direct knowledge of unclaimed overtime hours worked, knowledge by supervisors of an employee's overtime is imputed to the employer for purposes of determining an employer's liability under the FLSA.[4]

### *Defendant's Failure to Pay Commissions and All Wages Due*

43. Throughout Plaintiff's employment with Defendant Incedo, Plaintiff was entitled to non-discretionary commission payments, referred to as "incentives" as part of Plaintiff's compensation.

44. Throughout Plaintiff's employment with Defendant Incedo, Plaintiff and Defendant Incedo had a mutual agreement and understanding that Defendant Incedo would pay Plaintiff commission payments computed as a percentage of revenue on successful placements by Plaintiff.

45. Defendant Incedo's and Plaintiff's agreement on non-discretionary commission payments is not only reflected in internal emails but also supported by the consistent commission/incentive payments paid to Plaintiff throughout her employment.

46. Further, throughout Plaintiff's employment, Defendant Incedo maintained and enforced a non-discretionary commissions policy mandating that "Incentives shall be paid on monthly actual collected invoices."

47. Accordingly, such commission/incentive payments clearly constitute wages under R.I. Gen. Laws § 28-14-1 defining "wages" as "*all* amounts at which the labor or service

---

*Town of Newburgh, N. Y.,* 145 F.3d 516 (2d Cir. 1998); *Johnson v. RGIS Inventory Specialists,* 554 F. Supp. 2d 693 (E.D. Tex. 2007).

[4] *See* 29 U.S.C.A. §§ 203(g), 207(a)(l); *Cunningham v. Gibson Elec. Co., Inc.,* 43 F. Supp. 2d 965, 975 (N.D. Ill. 1999). Moreover, <u>where an employer claims a lack of knowledge of employee's overtime, but the evidence strongly supports an inference of deliberate ignorance, the proper conclusion, for purposes of the FLSA is that the employer knew about the overtime hours</u>. *Id.* at 976. Simply put, it is the duty of the management to exercise its control and see that *work is not performed* if it does not want it to be performed. 29 C.F.R. § 785.13; *Prise v. Alderwoods Grp., Inc.,* 817 F. Supp. 2d 651 (W.D. Pa. 2011). The mere promulgation of a rule against such work is not enough. *Id.* Employers cannot sit back and accept the benefits without compensating for them. *Id.*

rendered is recompensed, *whether the amount is fixed or ascertained on a* time, task, piece*, commission basis, or other method of calculating the amount.*" (Emphasis added).

48. On or about March 31, 2020, Defendant Incedo elected to end Plaintiff's employment.

49. Pursuant to R.I. Gen. Laws § 28-14-4, employers are required to pay separated employees all unpaid wages and compensation on the next regular payday.

50. At the time of Plaintiff's employment separation, Defendant Incedo owed Plaintiff approximately **$58,927.00** in unpaid commission payments consisting of (1) $26,202.00 for the period of October 2019 through December 2019; (2) $25,424.00 for the period of January 2020 through March 2020; and, (3) $7,301.00 in unpaid commissions for the period of December 2018 through June 2019, which was improperly withheld and deducted from payment in February 2020.

51. Plaintiff has made repeated efforts and requests to be paid the commissions owed.

52. As of the filing of this Complaint, Defendant Incedo has failed and/or refused to pay Plaintiff the commissions owed to date.

*Defendant's Failure to Keep Employment Records*

53. At all relevant times and on information and belief, Defendant Incedo willfully and repeatedly violated 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA by failing to make, keep and/or preserve adequate and accurate records of Plaintiff's wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted under the FLSA and found in 29 C.F.R. § 516.2.

54. At all relevant times and on information and belief, Defendant Incedo failed and/or refused to make and/or keep various records that the RIPWA mandates employers to make and keep, including, but not limited to, the name, address, and occupation of each of its

employees, their rate of pay, the amount paid each pay period to each employee, and the hours worked each day and each work week by each employee. *See* R.I. Gen. Laws §§ 28-12-12 and 28-14-12.

55. Defendant Incedo failed to establish a regular pay period or provide Plaintiff with a statement of the hours worked during each applicable pay period or a record of all deductions made from gross earnings during each pay period together with an explanation of the basis or reason for the deductions. *See* R.I. Gen. Laws §§ 28-14-2 and 2.1.

### *Wage and Hour Damages*

56. Both the FLSA and the RIPWA require employers to pay their non-exempt employees at a rate not less than one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. § 207(a)(l); R.I. Gen. Laws § 28-12-4.1.

57. Defendant Incedo willfully and repeatedly violated the above provisions of the FLSA and/or the RIPWA by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek as alleged herein.

58. The FLSA requires employers to pay each of its non-exempt employees wages amounting to at least $7.25 per hour for each hour worked.

59. The RIPWA also requires employers to pay each of its non-exempt employees at least the minimum wage that it prescribes for each hour worked.

60. Defendant Incedo willfully and repeatedly violated the above provisions of the FLSA and/or the RIPWA by failing to compensate Plaintiff her regular rate of pay for all hours worked as alleged herein.

61. Pursuant to the RIPWA, R.I. Gen. Laws § 28-14-4, employers are required to pay separated employees all unpaid wages and compensation on the next regular payday.

62. Defendant Incedo willfully and repeatedly violated the above provision of the RIPWA by failing to compensate Plaintiff all wages due, including commissions, as alleged herein.

63. As a result of the Defendant Incedo's concerted acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages and overtime pay, and other compensation and/or benefits of employment and has suffered emotional distress and other great damage as alleged herein.

*Breach of Contract*

64. Additionally, or in the alternative, Plaintiff is entitled to payment of commissions in the amount of $58,927.00 as compensatory damages resulting from Defendant Incedo's breach of contract.

65. In or around 2018, Plaintiff and Defendant Incedo entered into a contract regarding compensation wherein Defendant Incedo agreed to pay Plaintiff commission payments computed as a percentage of revenue on successful placements by Plaintiff as referenced herein.

66. Plaintiff complied with the terms of the parties' agreement by making successful placements leading to additional revenue for Defendant Incedo.

67. Nevertheless, Defendant Incedo breached the parties' agreement by failing and/or refusing to pay Plaintiff commissions owed in the amount of approximately $58,927.00.

*Unjust Enrichment/Quantum Meruit*

68. Additionally, or in the alternative, Plaintiff is entitled to payment of commissions in the amount of $58,927.00 under the theories of unjust enrichment and/or quantum meruit.

69. In the absence of an enforceable contract, the equitable doctrine of unjust enrichment may apply to prevent a person from retaining a benefit received with appropriate payment. *Doe v. Burkland*, 808 A.2d 1090 (R.I. 2002).

70. "Recovery for unjust enrichment is predicated upon the equitable principle that one shall not be permitted to enrich himself at the expense of another by receiving property or benefits without making compensation for them." *Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 99 (R.I. 2006).

71. In Rhode Island, recovery under unjust enrichment is appropriate when a party remains uncompensated for a benefit conveyed to another in circumstances "where compensation is reasonably expected." *South County Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 210-11 (R.I. 2015).

72. It is well settled that a plaintiff is entitled to recover for unjust enrichment upon a showing that "(1) he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances that it would be inequitable for [the recipient] to retain the benefit without paying the value thereof." *Id.*

73. Additionally, in Rhode Island, a plaintiff may recover the reasonable value of his or her work in an action in *quantum meruit* action upon a showing that the "[defendant] derived some benefit from the services rendered and would be unjustly enriched without making compensation therefor." *Nat'l Chain Co. v. Campbell*, 487 A.2d 132, 135 (R.I. 1985).

74. Plaintiff conferred a benefit upon Defendant Incedo by successfully completing various job placements under the reasonable expectation that she would receive commission/incentive payments upon placement, leading to additional revenue and benefit for Defendant Incedo, which Defendant Incedo did appreciate, and for which Defendant Incedo

refused to pay the value thereof through payment of commissions/incentives under a plan that Plaintiff relied upon in making such placements.

75. Defendant Incedo's failure and/or refusal to pay Plaintiff commissions/incentives owed has resulted inequitable circumstances requiring court action to balance the equities.

76. As a result of the Defendant Incedo's concerted acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained damages of lost commissions/incentive payments and other great damage as alleged herein.

## VI.    Claims for Relief

77. Plaintiff incorporates in the counts below the allegations contained in ¶¶1 through 76 above.

### Count One
*Violation of FLSA, 29 U.S.C. § 201, et seq.*

78. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. § 216(b).

### Count Two
*Violation of RIPWA, R.I. Gen. Laws § 28-12-1, et seq. and § 28-14-1, et. seq.*

79. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIPWA, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

### Count Three
*Misclassification in Violation of R.I. Gen. Laws § 28-14-19.1*

80. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, misclassified Plaintiff in violation of R.I. Gen. Laws §

28-14-19.1, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2.

### Count Four
*Breach of Contract*

81.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, breached the terms of the compensation agreement with Plaintiff alleged herein, thereby causing Plaintiff to sustain damages as aforesaid, for which Plaintiff is entitled to compensatory damages.

### Count Five
*Quantum Meruit*

82.     Plaintiff conferred a benefit on Defendant by successfully completing placements leading to additional revenue to Defendant as alleged herein and it would be inequitable under the circumstances for Defendant to retain the benefit, including the amount of unpaid commissions/incentives, without paying for its value.

### Count Six
*Unjust Enrichment*

83.     Plaintiff conferred a benefit on Defendant by successfully completing placements leading to additional revenue to Defendant and for which she reasonably expected compensation in the form of commission/incentive payments as alleged herein, which Defendant appreciated, and it would be inequitable under the circumstances for Defendant to retain the benefit without paying for its value.

### VII.    Prayers for Relief

**WHEREFORE,** Plaintiff prays that this Court grant the following relief:

1.     A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the FLSA and the RIPWA.

2. A declaratory judgment declaring that Defendant misclassified Plaintiff as an independent contractor.

3. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

4. An award of all unpaid wages and benefits.

5. An award of compensatory damages.

6. An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

7. An award of liquidated damages in an amount two times the amount of wages and and/or benefits owed pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

8. An award of reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

9. An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws § 28-14-19.2.

10. An award of statutory interest.

11. Imposition of a civil penalty against Defendant pursuant to R.I. Gen. Laws § 28-14-19.1.

12. An award of other appropriate equitable relief pursuant to 29 U.S.C. § 216(b).

13. An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

14. An award of such other and further relief as this Honorable Court deems just and proper.

### VIII. **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

Plaintiff hereby designates Danilo A. Borgas and Richard A. Sinapi as trial counsel.

                                                      Plaintiff,
                                                     By her attorneys,
                                                     **SINAPI LAW ASSOCIATES, LTD.**

**Date: April 21, 2021**                        /s/ **Danilo A. Borgas**
                                                   **Danilo A. Borgas, Esq. (#9403)**
                                                   **Richard A. Sinapi, Esq. (#2977)**
                                                   2374 Post Road, Suite 201
                                                   Warwick, RI 02886
                                                   Phone: (401) 739-9690
                                                   FAX: (401) 739-9040
                                                   dab@sinapilaw.com
                                                   ras@sinapilaw.com